51 F.3d 264
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
UNITED STATES, Appellee,
v.
Ellerton P. WHITNEY, III, Defendant, Appellant.
Ellerton P. Whitney, III, Plaintiff, Appellant,
v.
United States of America, Defendant, Appellee.
 Nos. 95-1013, 95-1014
 United States Court of Appeals,
First Circuit.
 April 6, 1995
 
 Appeals from the United States District Court for the District of New Hampshire [Hon. Shane Devine, Senior U.S. District Judge ]
 Ellerton P. Whitney, III on brief pro se.
 Paul M. Gagnon, United States Attorney, and Peter E. Papps, First Assistant United States Attorney, on brief for appellee.
 D.N.H.
 AFFIRMED.
 Before TORRUELLA, Chief Judge, CYR and BOUDIN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Defendant Ellerton P. Whitney appears in this court for the fifth time in connection with his 1991 bank fraud conviction. He here appeals from the denial of a request for post-conviction relief-a request styled as a motion for new trial under Fed. R. Crim. P. 33 or, in the alternative, as a petition for relief under 28 U.S.C. Sec. 2255. For the following reasons, as well as those recited by the district court, we affirm.
 
 
 2
 The instant request for relief was prompted by events occurring during Whitney's earlier appeal from his resentencing. Whitney notes that the government there, in addressing the amount of loss for purposes of calculating the offense level, argued that the district court could consider losses attributable to "uncharged loans" under the relevant conduct provision of the sentencing guidelines. See U.S.S.G. Sec. 1B1.3. He also notes that we endorsed such a measure in our decision. See United States v. Whitney, 21 F.3d 420, slip op. at 5 (1st Cir. 1994) (per curiam) (table) ("Especially considering that additional losses resulted from uncharged conduct that was part of a common scheme or plan, ... we find no error in the court's [loss] determination."). In the belief that neither the presentence report (PSR) nor the district court had made any reference to uncharged relevant conduct, Whitney infers that the government's (and this court's) reference pertained to the subsequent CRB and FCB loans. From this premise, he proceeds to conclude, inter alia, that: (1) this court "by clear implication" found him not liable for "61.4% of the conduct for which he was specifically accused, tried, convicted, and twice sentenced," Brief at 9-10; (2) his conviction was thus improperly based on charges not appearing in the indictment; and (3) the government's eleventh-hour admission of these facts constitutes misconduct warranting dismissal of the indictment, or at least "new evidence" warranting a new trial.
 
 
 3
 Whitney's premise is wrong. The PSR did, in fact, refer to uncharged relevant conduct (apart from the CRB and FCB loans). See PSR p 40 ("Nor does the figure above [referring to the losses specified in the indictment] reflect an approximately $100,000 loss to the Dartmouth Bank as part of the same scheme presented earlier in this report."). The district court specifically incorporated this amount in its loss calculations. See 4/27/93 Order at 3; 4/26/93 Transcript at 86. And the reference to "uncharged conduct" in our earlier opinion was made with the Dartmouth Bank loss in mind.
 
 
 4
 In any event, Whitney's complaint here is little more than a rehash of his "variance" argument that has been rejected by this court on two previous occasions. See United States v. Whitney, supra, slip op. at 2-3, 4-5 (rejecting, largely on "law of the case" grounds, the allegation that "the three loans charged in the indictment actually consisted of some seven or more, and that the jury permissibly could have convicted him on only a portion thereof"); United States v. Whitney, 991 F.2d 786, slip op. at 4 (1st Cir. 1993) (per curiam) (table) (finding no plain error with respect to allegation that "the evidence showed different fraudulent loans than those charged in the indictment"). Issues disposed of in a prior appeal, of course, will not be reviewed again by way of a Sec. 2255 motion. See, e.g., Singleton v. United States, 26 F.3d 233, 240 (1st Cir.), cert. denied, 115 S. Ct. 517 (1994). We also observe, contrary to Whitney's suggestion, that our decision in United States v. Lilly, 983 F.2d 300 (1st Cir. 1992), does not constitute "supervening" law, but rather was issued one month prior to oral argument in his initial appeal.
 
 
 5
 Affirmed.